UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AND MICHAEL McMENEMY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FLAGSHIP  FINANCIAL GROUP, LLC, COLONIAL FIRST LENDING GROUP, INC., COLONIAL FIRST BUSINESS DEVELOPMENT, LLC and DEVIN JONES,<br><br>　　　　Defendant.<br>_____/ | CASE NO.   1:14-cv-0219-BAM<br><br>**ORDER GRANTING DEFENDANT COLONIAL FIRST LENDING GROUP, INC.'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND** |

On April 25, 2014, Defendant Colonial First, LLC ("Defendant"), appearing *pro se*, filed an *ex parte* motion for an extension of time to file an answer or otherwise appear in this action.[1] (Doc. 15). Defendant requests an additional ten days to file its answer because before appearing in this matter, counsel, originally representing Defendant, withdrew from the case.  Defendant's *ex parte* request for an extension of time to answer is GRANTED.  (Doc. 15).  However, Defendant is warned that it must seek new counsel immediately as federal law and this Court's local rules require that all entities be represented by counsel in matters before this court.

The Ninth Circuit has held that "a corporation may appear in the federal courts only through licensed counsel." *In re Am. W. Airlines,* 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other

---

[1]　　Defendant incorrectly filed its *ex parte* motion for an extension of time as an answer.  Defendant has not answered the operative complaint or otherwise appeared in this matter.  Upon notice of the incorrect filing, the Clerk of the Court refiled Defendant's *ex parte* request as a motion for an extension of time to file an answer.  (Doc. 15).

1

unincorporated associations must appear in court through an attorney."). Additionally, Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney." L.R. 183(a).

Accordingly, any answer filed by defendant without representation of counsel will be stricken. Defendant is informed that failure to obtain counsel could result in the entry of default and that Plaintiffs may be permitted to seek default judgment. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming the district court's entry of default judgment based on a corporation's failure to obtain counsel). In addition, no further requests filed pro se by defendant will be considered by the court.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Colonial First, Inc. may have up to and including **May 9, 2014** to file a responsive pleading in this matter;

(2) Defendant may not appear in this case without counsel;

(3) Failure to properly answer may subject defendant to entry of default and default judgment;

(4) No further requests will be considered without representation of counsel.

IT IS SO ORDERED.

Dated:   **May 1, 2014**          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE