UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA McMENEMY, an individual, and MICHAEL McMENEMY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COLONIAL FIRST LENDING GROUP, INC., a Utah corporation, COLONIAL FIRST BUSINESS DEVELOPMENT, LLC, a Utah limited liability company, DEVIN JONES, an individual, FLAGSHIP FINANCIAL GROUP, LLC, and DOES 1 through 10,<br><br>Defendants. | No. 2:14-cv-001482 JAM AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER FRCP 60(B)(1)** |

This matter is before the Court on Plaintiffs Diana McMenemy and Michael McMenemy's ("Plaintiffs") Motion for Relief (Doc. #43) from the Court's August 25, 2014 Order (Doc. #40) under Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Defendant Colonial First Lending Group, Inc. ("Defendant" or "CFLG") opposes Plaintiffs' motion (Doc. #45). Plaintiffs filed

1

a reply (Doc. #47).  For the following reasons, Plaintiffs' motion is DENIED. [1]

I. OPINION

On August 20, 2014 the Court held a hearing on Plaintiffs' motion for the issuance of a new summons.  Plaintiffs' counsel, Patrick Dwyer, failed to appear at that hearing.  At the hearing, based on the evidence presented by Defendant, the Court denied Plaintiffs' motion.  On August 25, 2014, the Court issued a written order to that effect (Doc. #40).  Plaintiffs now request relief from that order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP").  Rule 60(b)(1) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Mr. Dwyer argues that his failure to file a timely reply brief, with regard to Plaintiffs' motion for the issuance of a new summons, was excusable neglect due to an email malfunction, which caused him to be unaware that Defendant had filed an opposition.  Mr. Dwyer does not address his failure to appear at the hearing in his motion, but does discuss it briefly it in his attached declaration.

The Ninth Circuit has held that, in determining "whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test,

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 1, 2014.

2

examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010).

Here, the first and second Ahanchian factors weigh slightly in Plaintiffs' favor. The only prejudice complained of by Defendant CFLG is delay to the proceedings. Opp. at 3. However, the case is still in the early stages of discovery, and trial is not scheduled until January 2016. The delay caused by Plaintiffs' failure to file a timely reply is minimal and will have no meaningful effect on the proceedings.

The third Ahanchian factor is dispositive. The purported reason for the delay is the failure of Mr. Dwyer's email service. The "CM/ECF Final Procedures" published on the Eastern District of California's website indicate that technological failures do not constitute excusable neglect. Specifically, Procedure 6.20 provides that "[p]roblems on the filer's end, such as phone line problems, problems with the filer's Internet Service Provider (ISP), or hardware or software problems, will not . . . excuse an untimely filing." CM/ECF Final Procedures, U.S. District Court, E.D.C.A.(available at: http://www.caed.uscourts.gov/caed/DOCUMENTS/CMECF/ CMECFFinalProcedures.pdf). Plaintiffs' counsel also had independent means of monitoring the docket for relevant filings, even in the absence of email notifications from CM/ECF. As the hearing date approached, he could simply have logged into CM/ECF and checked the docket for an opposition. Furthermore, Mr. Dwyer's failure to appear at the August 20, 2014 hearing is

unrelated to the email malfunction.  This factor weighs heavily against Plaintiffs.

As for the fourth Ahanchian factor, Defendant's argument that Plaintiffs acted in bad faith is not well taken.  Mr. Dwyer has included an affidavit from his email service provider explaining the lapse in service, and there is no indication that he has attempted to mislead the Court.  Not all mistakes are made in bad faith.

Nevertheless, upon weighing the four factor Ahanchian test, the Court concludes that Plaintiff's failure to file a timely reply does not constitute excusable neglect and, therefore, Plaintiff's motion for relief under Rule 60(b)(1) from the Court's August 25, 2014 order is DENIED.


## II.   ORDER TO SHOW CAUSE

Defendant's Opposition contains the following argument:

> "The Ninth Circuit has already heard a case alleging email problems as a basis for excusable neglect. Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).  There, as here, the email problems occurred approximately two weeks prior to the ruling on the motion before the court.  Ibid.  The court held that counsel's gamble on whether the matter would proceed was not excusable neglect.  Ibid.  Counsel had every opportunity to follow up and see if the matter would proceed."

Opp. at 4 (citing Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992)).  Upon reviewing Engleson, the Court is perplexed as to why Defendant cited this case as authority in support of its opposition given that it does not concern "email problems as a basis for excusable neglect."  Opp. at 4.  Engleson stands for none of the

propositions for which it is cited by Defendant. Defendant's attorney, Jody L. Winter, is ordered to show good cause as to why sanctions should not be imposed for his apparent attempt to present to this Court a pleading containing legal contentions not warranted by existing law. See Federal Rule of Civil Procedure 11(b)(2).

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Relief from Judgment. The Court further orders that Mr. Winter show cause as to why he should not be sanctioned. Mr. Winter shall file a declaration in response to this order within ten (10) days of its filing.

IT IS SO ORDERED.

Dated: October 9, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE