UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA McMENEMY, an individual, and MICHAEL McMENEMY, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>COLONIAL FIRST LENDING GROUP, INC., a Utah corporation, COLONIAL FIRST BUSINESS DEVELOPMENT, LLC, a Utah limited liability company, DEVIN JONES, an individual, FLAGSHIP FINANCIAL GROUP, LLC, and DOES 1 through 10,<br><br>        Defendants. | No.  2:14-cv-001482 JAM AC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF RULING UNDER FRCP 54(b)** |

   This matter is before the Court on Plaintiffs Diana McMenemy and Michael McMenemy's ("Plaintiffs") motion to certify (Doc. #69) the Court's October 9, 2014 order (Doc. #50) as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure ("FRCP").  Defendant Colonial First Lending Group, Inc. ("Defendant CFLG") opposes (Doc. #80) the motion and Plaintiffs filed a reply (Doc. #82).  For the following reasons, Plaintiffs'

1

motion is granted.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendants provided mortgage brokerage services to Plaintiffs – who are husband and wife – for the purposes of obtaining for Plaintiffs a purchase money home loan. FAC ¶ 9. Plaintiffs allege that Defendants committed fraud by failing to disclose that they were unlicensed to perform broker services and by diverting money out of escrow to themselves. FAC ¶ 18.

On July 3, 2014, Plaintiffs moved for a new summons (Doc. #29) to be issued by the Court, so that they could properly serve Defendant Colonial First Business Development, LLC ("Defendant CFBD"). Defendant CFLG opposed Plaintiffs' motion (Doc. #34), arguing that Defendant CFBD no longer existed. Plaintiffs did not file a reply, and Plaintiffs' counsel did not appear at the August 20, 2014 hearing on their motion. Based on the facts and arguments before the Court at the time of the hearing, Plaintiffs' motion was denied (Doc. #37).

On August 28, 2014, Plaintiffs moved for relief from the Court's denial of their motion, under Rule 60(b)(1) of the FRCP. Plaintiffs' counsel argued that his failure to file a reply and his failure to appear at the hearing constituted "excusable neglect" and that the Court should consider his untimely reply brief. He argued that an issue with his email service provider had prevented him from learning that the motion for a new summons

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 11, 2015.

1  was opposed. His motion for relief under Rule 60(b)(1) did not
2  directly address his failure to appear at the hearing, but he has
3  explained that he missed the hearing "due to a court appearance
4  in another court that took longer than expected." Mot. at 2-3.
5  On October 9, 2014, the Court denied Plaintiffs' motion for
6  relief, applying the four Ahanchian factors and concluding that
7  the failures of Plaintiffs' counsel did not constitute "excusable
8  neglect." Doc. #50 (citing Ahanchian v. Xenon Pictures, Inc.,
9  624 F.3d 1253 (9th Cir. 2010)).

II.   OPINION

Pursuant to Rule 54(b) of the FRCP, Plaintiffs now ask the Court to certify its October 9, 2014 order, denying Plaintiffs' Motion for Relief under Rule 60(b)(1). Mot. at 1. Plaintiffs argue that such certification is appropriate because the Court's order was a final judgment as to Defendant CFBD, and because there is no reason to delay the appeal. Mot. at 3. Defendant CFLG urges the Court to deny Plaintiffs' motion, due to the futility of the remedy ultimately sought by Plaintiffs. Opp. at 3.

Rule 54(b) provides that, "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more . . . parties only if the court expressly determines that there is no just reason for delay." The practical effect of an entry of a final judgment under Rule 54(b) is that the judgment may be immediately appealed. Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

3

In evaluating a Rule 54(b) motion, the Court must first determine whether a "final judgment" has been rendered as to a particular claim or party. Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005). Here, Plaintiffs argue that the Court's October 9, 2014 order is a final judgment, because "the Court's decision prevents the Court from even obtaining jurisdiction" over Defendant CFBD. Mot. at 4. Defendant CFLG does not oppose this argument. Opp. at 2-3. This Court's denial of Plaintiffs' motion for Rule 60(b)(1) relief is an "ultimate disposition" of Plaintiffs' rights as to Defendant CFBD. Wood, 422 F.3d at 878. Without obtaining the relief sought in their motion, Plaintiffs are unable to properly serve Defendant CFBD and none of Plaintiffs' claims against Defendant CFBD are properly before the Court. The Court therefore finds that its October 9, 2014 denial of Plaintiffs' motion for relief under Rule 60(b)(1) is a final judgment for purposes of Rule 54(b) certification.

The Court must next determine whether "there is any just reason for delay" of an appeal. Wood, 422 F.3d at 878. The Ninth Circuit has noted that "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision . . . is ready for appeal." Id. at 878. The primary interest to be considered by the Court in making this determination is that of "sound judicial administration." Id. at 878. Certification for an immediate appeal is only appropriate if the Court finds that both (1) "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to

some . . . parties;" and (2) "upon any review of the judgment entered under the rule, the appellate court will [not] be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

In this case, there is no "just reason for delay" of Plaintiffs' appeal. Wood, 422 F.3d at 878. As required by Morrison-Knudsen, the Court specifically finds that the "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment" as to Defendant CFBD. Morrison-Knudsen, 655 F.2d at 965. As the Court's October 9, 2014 order essentially results in the exclusion of Defendant CFBD from this case – assuming *arguendo* that it exists or may otherwise be properly served – the interest of judicial economy would not be served by delaying Plaintiffs' contemplated appeal. The completion of proceedings against remaining Defendants, only to be followed by Plaintiffs' appeal of the order concerning the service of Defendant CFBD, would create a substantial risk of duplication of proceedings and waste of judicial resources. By certifying the issue for appeal at this time, the Court ensures that the proper scope of Plaintiffs' suit will be known in advance of the deadlines for completion of discovery and the filing of dispositive motions.

Similarly, the Court finds that, in deciding Plaintiffs' appeal, the Ninth Circuit will not "be required to address legal or factual issues that are similar to those contained in the

claims still pending" before this Court.  Morrison-Knudsen, 655 F.2d at 965.  As noted by Plaintiffs, the issue on appeal will be narrow and distinct: the Ninth Circuit will only be asked to decide whether the Court abused its discretion in finding that Plaintiffs' failure to file a reply brief and failure to appear at the August 20, 2014 hearing constituted "excusable neglect" under Ahanchian.  Mot. at 5.  None of the claims currently pending before this Court are related to that narrow issue.  There is little risk that certifying the issue for immediate appeal will create duplicative work for the appellate court.

Defendant CFLG's reliance on the fact that Defendant CFBD no longer exists is misplaced.  Defendant CFLG argues that the ultimate remedy sought by Plaintiffs – a Court-issued, new summons for Defendant CFBD – is futile because the corporation in question no longer exists and cannot be properly served.  In doing so, Defendant CFLG merely re-argues its opposition to Plaintiffs' motion for a new summons, and does not address the issue presently before the Court: whether the October 9, 2014 order should be certified for immediate appeal.

For all of these reasons, the Court GRANTS Plaintiffs' motion for certification of its October 9, 2014 ruling, under Rule 54(b).  The Court's October 9, 2014 order denying Plaintiffs' motion for relief under Rule 60(b)(1) is a final judgment and is immediately appealable to the Ninth Circuit.  Although Plaintiffs argue that there is "no need to stay the action" while the appeal is pending (and that the Court should permit "discovery into the relevant conduct of [Defendant CFBD]" during the appeal), the Court concludes that this would not serve

the interests of judicial economy and would be potentially unfair to Defendants. Mot. at 5. Rather, it is more appropriate to stay the action until the Ninth Circuit has ruled on Plaintiffs' likely appeal. Such a stay will not take effect until Plaintiffs file a notice of appeal with this Court.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs' motion to certify the October 9, 2014 order under Rule 54(b). This action will be stayed during the pendency of Plaintiffs' appeal in the Ninth Circuit, but the stay will not take effect until Plaintiffs file a notice of appeal with this Court. Within 30 days of the Ninth Circuit's decision on Plaintiffs' likely appeal, the parties are ordered to file a joint status report in this matter.

IT IS SO ORDERED.

Dated: March 12, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7