UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA MCMENEMY, an individual; and MICHAEL MCMENEMY, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>COLONIAL FIRST LENDING GROUP, INC., a Utah Corporation; COLONIAL FIRST BUSINESS DEVELOPMENT, LLC, a Utah Limited Liability Company; DEVIN JONES, an individual; FLAGSHIP FINANCIAL GROUP, LLC, and DOES 1 through 10,<br><br>    Defendants. | No. 2:14-cv-1482 JAM AC<br><br>**ORDER DENYING DEFENDANT FLAGSHIP'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

    This matter is before the Court on Defendant Flagship Financial Group, LLC's ("Flagship") Motion for Judgment on the Pleadings (Doc. #75). Plaintiffs Michael and Diana McMenemy[1] ("Plaintiffs") oppose Flagship's motion (Doc. #86) and Flagship filed a reply (Doc. #89). For the following reasons, the motion

---

[1] There is a discrepancy between the spelling of Plaintiffs' surname as it appears in the caption of this case, and as it appears in the FAC. For consistency's sake, it will be spelled as it appears in the caption.

1

is denied.[2]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Between June and August 2008, Defendants Colonial, Jones, and Colonial FBD "provided mortgage brokerage services to Plaintiffs . . . for the purpose of obtaining for Plaintiffs a purchase money loan" for 409 French Avenue, Grass Valley, California.  First Amended Complaint ("FAC") ¶¶ 1, 9.  Plaintiffs "expressly told Jones and Colonial that they could not afford a total monthly mortgage payment that exceeded approximately $1,800[.]"  FAC ¶ 10.  Plaintiffs allege that, unbeknownst to them, "Colonial and Jones did not have the requisite license from the California Department of Real Estate to provide the Mortgage Services."  FAC ¶ 11.  Plaintiffs also allege that, unbeknownst to them, "Jones and Colonial divided the Mortgage Services into loan origination services . . . which Jones and Colonial proceeded to perform, and loan processing services . . . which Jones and Colonial contracted with Flagship to perform."  FAC ¶ 12.  Plaintiffs allege that Flagship helped Jones and Colonial conceal from Plaintiffs the fact that they were unlicensed.  FAC ¶ 13.  Moreover, "without disclosure to Plaintiffs, Jones, Colonial and Flagship arranged to have Flagship appear on the escrow documents as the Plaintiffs' mortgage broker, but for Colonial and Jones to actually perform the Loan Origination Services."  FAC ¶ 15.  Defendants Jones, Colonial, and Flagship shared the fees paid by Plaintiffs.  FAC ¶ 15.  Plaintiffs

---

[2] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 25, 2015.

2

specifically allege that they "did not know, and did not have reason to know, about the conduct of Flagship [detailed above] until on or about January 5, 2012, when Plaintiffs took the deposition of Heather Hodge." FAC ¶ 16.

On February 4, 2014, Plaintiffs filed the Complaint against Flagship in Nevada County Superior Court. On February 18, 2014, Flagship removed the matter to this Court. On March 17, 2014, Plaintiffs filed the FAC, naming Jones, Colonial, and Colonial FBD as defendants along with Flagship. The FAC includes claims against Flagship for Fraud, Negligent Misrepresentation, Breach of Fiduciary Duty, Unfair Competition in violation of Cal. Business and Professions Code § 17200, and Conspiracy to Defraud.

## II. OPINION

Flagship argues that Plaintiffs' claims against it must be dismissed for failure to comply with the applicable statute of limitations.[3] Mot. at 4. Plaintiffs respond that the statute of limitations did not begin to run until January 5, 2012, when they took the deposition of Heather Hodge. Opp. at 5. Plaintiffs contend that it was only during Ms. Hodge's deposition that they learned the true extent and nature of Flagship's relationship with the remaining Defendants, and the role that Flagship played in processing Plaintiffs' mortgage file. Opp. at 6. In its reply, Flagship maintains that the statute of limitations began to run when Plaintiffs' loan payments went up, because the

---

[3] Although Flagship originally cites the four-year statute of limitations for contract-based actions, Plaintiffs correctly assert that three-year statute of limitations for fraud-based actions applies to their claims. Flagship adopts this position in its reply brief.

1  circumstances would lead a reasonable person to inquire as to
2  Flagship's involvement.  Reply at 3. Flagship also argues that
3  "Plaintiffs had knowledge or constructive knowledge of Flagship's
4  involvement in their home purchase in 2008," based on documents
5  which are not properly before the Court – an issue which is
6  addressed below.  Reply at 3.

7      Generally, an action may not be dismissed at the pleading
8  stage based on the statute of limitations "unless it is clear
9  from the face of the complaint that the statute has run and that
10 no tolling is possible." Brocade Commc'ns Sys., Inc. v. A10
11 Networks, Inc., 2011 WL 1044899, at *3 (N.D. Cal. Mar. 23, 2011)
12 (citing Conerly v. Westinghouse Electric Corp., 623 F.2d 117, 119
13 (9th Cir. 1980)); see also Jablon v. Dean Witter & Co., 614 F.2d
14 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on
15 the running of a statute of limitations, it can be granted only
16 if the assertions of the complaint, read with the required
17 liberality, would not permit the plaintiff to prove that the
18 statute was tolled.").  Whether a plaintiff is entitled to
19 tolling based on delayed discovery is usually a question of fact
20 for the jury, unless the "uncontradicted facts are susceptible of
21 only one legitimate inference." Kline v. Turner, 87 Cal. App.
22 4th 1369, 1374, 105 Cal. Rptr. 2d 699 (2001)

23     To avail itself of delayed discovery tolling, a plaintiff
24 must "plead facts to show (1) the time and manner of discovery
25 and (2) the inability to have made an earlier discovery despite
26 reasonable diligence."  See E-Fab, Inc. v. Accountants, Inc.
27 Servs., 153 Cal.App.4th 1308, 1320 (2007) (emphasis omitted); Rey
28 v. OneWest Bank, FSB, 2013 WL 127839, at *5 (E.D. Cal. Jan. 9,

2013). But a plaintiff's duty to diligently investigate is only triggered when the plaintiff "has reason to suspect an injury and some wrongful cause[.]" E-Fab, 153 Cal.App.4th at 1319. If a plaintiff fails to suspect such an injury because she relied on a misrepresentation, she may invoke the delayed discovery doctrine unless her reliance, "in light of [its] own information and intelligence, is preposterous and irrational." Broberg v. Guardian Life Ins. Co. of Am., 171 Cal.App.4th 912, 922-23 (2009) (citation and quotation marks omitted) (reversing dismissal where plaintiff relied on misrepresentations by defendant despite having access to a document that – had plaintiff read it – would have revealed the misrepresentations).

Here, Flagship's alleged fraudulent conduct occurred in 2008. Plaintiffs did not file the Complaint, naming Flagship, until January 2014. As each of Plaintiff's claims against Flagship is grounded in fraud, the applicable statute of limitations is three years. Cal. Civ. Proc. Code § 338(d). Accordingly, Plaintiffs' claims against Flagship must be dismissed unless the Court determines that Plaintiffs are entitled to tolling based on delayed discovery "of the facts constituting the fraud." Cal. Civ. Proc. Code § 338(d).

In the FAC, Plaintiffs allege the following conduct by Flagship: (1) Flagship performed loan processing services for Jones and Colonial (FAC ¶ 12); (2) Flagship helped Jones and Colonial hide the fact that they were unlicensed from Plaintiffs (FAC ¶ 13); (3) Flagship knew that the monthly loan payments would eventually exceed Plaintiffs' ability to pay (FAC ¶ 14); and (4) Flagship, Jones, and Colonial divided between themselves

the mortgage brokerage, loan origination, and loan processing fees paid by Plaintiffs. Plaintiffs specifically allege that they "did not know, and did not have reason to know, about the conduct of Flagship [summarized above] until on or about January 5, 2012, when Plaintiffs took the deposition of Heather Hodge." FAC ¶ 16.

As required under E-Fab v. Accountants, Plaintiffs have alleged "(1) the time and manner of discovery and (2) the inability to have made an earlier discovery despite reasonable diligence." E-Fab, 153 Cal.App.4th at 1320. Plaintiffs learned of Flagship's alleged misconduct on January 5, 2012, through the deposition testimony of Heather Hodge. They were unable to learn the information earlier because Defendants concealed that information. As noted above, a plaintiff's failure to learn of misconduct due to its reliance on a defendant's misrepresentations will only preclude the plaintiff's invocation of the delayed discovery doctrine if such reliance was, "in light of [its] own information and intelligence, . . . preposterous and irrational." Broberg v. Guardian Life Ins. Co. of Am., 171 Cal.App.4th 912, 922-23 (2009). In this case, it cannot be said that Plaintiffs' reliance was "preposterous and irrational," as they had no reason to suspect any extensive involvement or misconduct by Flagship. Accordingly, for each of Plaintiffs' claims against Flagship, the statute of limitations was tolled until January 5, 2012, under the delayed discovery rule. As Plaintiffs filed the Complaint against Flagship in January 2014, the action was timely and the statute of limitations had not expired.

1       Flagship makes several arguments in opposition to
2 Plaintiffs' invocation of the delayed discovery rule.  First,
3 Flagship argues that "Plaintiffs had knowledge or constructive
4 knowledge of Flagship's involvement in their home purchase in
5 2008 [because the] Uniform Residential Loan Application shows
6 that Flagship interviewed the Plaintiffs" and because the
7 "closing statement shows Flagship's Loan Origination fee, Credit
8 report fee, Processing fee, Application fee, and Mortgage Broker
9 fee."  Reply at 3.  This argument is based on documents which are
10 not properly before the Court: in support of its motion, Flagship
11 attached two documents which it claims are a loan application and
12 a closing statement on Plaintiff's mortgage.  Mot., Ex. A; Mot.,
13 Ex. B.  However, Flagship makes no request that the Court take
14 judicial notice of these documents (nor are they the proper
15 subjects of judicial notice, as they are not public records).
16 The Court is limited to "the face of the complaint" and may not
17 consider the extrinsic evidence submitted by Flagship.  <u>Brocade</u>,
18 2011 WL 1044899, at *3.  (Flagship's suggestion – made for the
19 first time in its reply brief – that the Court should convert its
20 motion into a motion for summary judgment, is not well-taken.)
21 Moreover, even if the Court were to consider these documents, it
22 is far from clear that they demonstrate that Plaintiffs were on
23 constructive notice of Flagship's alleged wrongdoing: Plaintiffs
24 allege fraudulent concealment by Flagship, not mere involvement
25 in the processing of their loan.  Regardless, the documents are
26 not properly before the Court and this argument carries no
27 weight.
28       Flagship also argues that the statute of limitations began

to run, at the latest, "in 2010, the year in which Plaintiffs allege their monthly payments first went up." Reply at 3. This argument shares the same flaw as the argument discussed above: it relies on a document not properly before the Court. To demonstrate that Plaintiffs' loan payments first increased in 2010, Flagship cites an attachment to its reply brief, which purports to be a loan modification request submitted by Plaintiffs. Reply, Ex. A. As noted above, in evaluating this motion for judgment on the pleadings, the Court is limited to the face of the complaint, and Flagship does not argue that the Court can or should take judicial notice of this document. Moreover, even assuming that Plaintiffs became generally aware of fraud in 2010, it does not follow that they became aware of *Flagship's* fraud in 2010. As alleged by Plaintiffs, they did not learn of the nature and extent of Flagship's involvement in the alleged fraud until taking the deposition of Heather Hodge in 2012.

### III. ORDER

For the reasons set forth above, the Court DENIES Flagship's Motion for Judgment on the Pleadings:

IT IS SO ORDERED.

Dated: April 14, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE