Patrick H. Dwyer, SBN 137743
P.O. Box 1705
Penn Valley, CA 95946
Tel: (530) 432-5407
Fax: (530) 432-9122
Email: pdwyer@pdwyerlaw.com
Attorney for Plaintiffs Diana and Michael McMenamy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Diana McMenemy, an individual, and Michael McMenemy, an individual, Plaintiffs<br><br>v.<br><br>Colonial First Lending Group, Inc., a Utah Corporation,<br>Colonial First Business Development, LLC, a Utah Limited Liability Company;<br>Devin Jones, an individual,<br>Flagship Financial Group, LLC, and<br>Does 1 through 10, Defendants. | CASE NO. 2:14-CV-001482-JAM-AC<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>The Honorable John A. Mendez |

**Whereas**, the parties agree that during the course of discovery in this action, it may be necessary to disclose certain confidential and private medical information (e.g., medical provider records) and private financial information (e.g., tax returns) relating to the subject matter of this action;

**Whereas**, HIPAA and CIMA (as defined below) are federal and state laws and regulations which govern, *inter alia*, the use and disclosure of private medical and financial information in administrative and judicial proceedings;

**Whereas**, the parties desire to safeguard the confidentiality of any medical records as required by HIPAA and CIMA, while allowing the use of such material as

Stipulated Protective Order

necessary for the purposes of advancing and defending emotional distress damage claims made by Plaintiffs; and

**Whereas**, the parties desire to safeguard the confidentiality of any private financial records such as federal and state tax returns while allowing the use of such material as necessary for the purposes of advancing and defending emotional distress damage claims made by Plaintiffs; and

**Whereas**, the following Section (1-21) are the terms and condition under which the parties agree to protect confidential information.

1. **Definitions**

    a. "Parties" shall include the above-named Plaintiffs and Defendants, and individuals or entities subsequently named as parties, officers and employees of any corporate party, and the above-named Defendants' non-party affiliates.

    b. "Document" means a writing, as defined in the Federal Rules Of Evidence and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

    c. "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pretrial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

    d. "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

    e. "Confidential Information" shall mean the contents of any document or transcript of testimony which shall have been designated by any Producing Party as confidential because it contains information that has not been made public, such as

Stipulated Protective Order

confidential research proprietary materials, development, commercial financial or employment and/or personnel information including but not limited to employment evaluations, payroll records, attendance records, and any medical records protected by the privacy regulations of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") or the California Confidentiality of Medical Information Act ("CMIA"), Civil Code §§56, et seq., and any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information.

    f.    "Producing Party" shall mean the person that produces any information that is subject to the terms of this Confidentiality Agreement and Protective Order ("Agreement") including persons who are not Parties to this action but who agree in writing to produce Confidential Information subject to the terms of this Agreement. Non-parties may do so by executing an agreement substantially in the form set forth in Exhibit 1 attached hereto.

2.    **Information Covered: "Discovery Material"**

    This Agreement shall govern any information, document or tangible thing, response to a discovery request, deposition testimony or transcript, or other information or material, including the contents, copies, excerpts and summaries thereof, furnished, provided, produced, filed, or served in response to either Plaintiffs' or Defendants' discovery requests in the above-captioned action (herein collectively referred to as "Discovery Material").

3.    **Designation Of Discovery Material**

    Any Producing Party may designate Discovery Material it produces as Confidential Information, provided the Producing Party has a good faith belief, formed after an inquiry reasonable under the circumstances, that it is necessary in the interests of justice to remove the Discovery Material being designated from the public record and that such designation complies with any orders this Court has issued concerning this Confidentiality Agreement and Protective Order. *Any such designation shall be made*

*with a good faith belief that such Discovery Material constitutes* **personal medical information and financial information***, disclosure of which could result in harm to the Producing Party or others.*

4. **Confidentiality Of Discovery Material**

    Subsequent to the date hereof, Discovery Material designated as Confidential Information pursuant to this Agreement, all copies or reproductions thereof, and all information contained herein, shall not be disclosed, disseminated, or communicated in any manner, directly or indirectly, except to the following "Qualified Persons;"

    a.    The Parties' counsel of record herein and persons regularly employed as in-house counsel by the Parties, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff;

    b.    The Court, in camera, and to persons serving as court personnel or court reporter personnel or staff in connection with this action;

    c.    Parties in this action, or an officer, director or employee of a Party, deemed necessary by counsel to and in the prosecution, defense, or settlement of this action;

    d.    Consultants or experts of any Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, so long as all such persons are informed of this Agreement and agree to its terms by executing a copy of the non-disclosure agreement attached hereto as Exhibit 1;

    e.    Any person (other than a consultant or expert) contacted or interviewed by counsel for use or potential use as a witness in this action, provided that the name of such person is first provided to counsel for the other party at least 14 calendar days in advance and no motion to challenge such disclosure is filed (in the event that a challenging motion is filed, disclosure shall not be made unless and until the court approves such disclosure).

    Discovery Material designated as Confidential Information pursuant to this

Stipulated Protective Order

Agreement, all copies or reproductions thereof, and all information contained herein shall be used by Qualified Persons subject to this Order solely for the purpose of the prosecution or defense of the claims in this action and for no other purpose whatsoever; and

      f.    Witnesses to the extent such confidential materials are used in depositions or court proceedings.

5.    **Designation Procedures**

Designation of information as Confidential Information shall be accomplished as follows:

    a.    With respect to documents, any document produced by a Producing Party may be marked at the time it is furnished or within , in whole or in part, with the legend "CONFIDENTIAL" or designated as "confidential" in an accompanying discovery response.

    b.    With respect to deposition testimony, testimony may be designated as Confidential Information by an appropriate contemporaneous statement during the deposition. All testimony so designated shall initially be treated as Confidential Information for a period of thirty (30) days from the date the deposition transcript is delivered to the Parties. Each Party and nonparty shall have thirty (30) days from the date the deposition transcript is delivered to the Parties to designate which, if any, pages of the transcript are Confidential Information by sending written notice of such designation to all counsel of record and the reporter that prepared the transcript.

6.    **Written Agreement Of Third Parties Recipients Of Discovery Material**

Prior to disclosure, dissemination or communication of any Confidential Information, any copies or reproductions thereof, or any information contained therein to any person contacted or interviewed by counsel for use or possible use as a witness or consultant in this action, a copy of this Agreement first shall be presented to the person

Stipulated Protective Order

to whom the Confidential Information is to be disclosed or communicated and such person shall execute a nondisclosure agreement substantially in the form set forth in Exhibit 1 attached hereto.

7. **List Of Persons To Whom Disclosure Is Made**

Each Party or its counsel shall maintain a list of names of all persons to whom Confidential Information, any copies or reproductions thereof, or any Confidential Information contained therein has been disclosed, disseminated or communicated pursuant to Paragraph 3 through 5 above and a description of the Confidential Information so disclosed.  Upon termination of this action (whether by judgment, verdict, settlement or otherwise), such list shall be made available upon request to the Producing Party who designated the Discovery Material as Confidential Information.

8. **Objections To Designation**

In the event that any Party objects to the designation of any Discovery Material as Confidential Information, that Party shall make the objection known to the Producing Party and thereafter, counsel shall meet and confer (by telephone or otherwise) in a good faith attempt to resolve the dispute.  In the event that the dispute is unresolved, the Producing Party making the confidentiality designation shall present the dispute to the Court within a reasonable length of time, but no more than thirty (30) days after the Parties have been unsuccessful in their efforts to resolve the dispute.  If the Party objecting to the designation needs or desires resolution by the Court sooner than the time allotted, it may present the dispute to the Court in camera.  In either case, any Discovery Material designated as Confidential Information shall remain protected until the Court rules otherwise.

9.

In the event that any Party receiving Confidential Information is served with a subpoena, notice, or request to produce such information by any person, entity, or government agency to whom disclosure is not otherwise permitted by this Agreement,

Stipulated Protective Order

the Party receiving such subpoena, notice, or request, shall apprise the Party who served the subpoena, notice, or request about the existence of this Agreement, shall object to the production of such Confidential Information on the grounds of the existence of this Agreement, and shall immediately notify the Producing Party thereof in writing to enable that Party to take whatever steps it deems appropriate to protect the Confidential Information from disclosure.

10. **Use Of Discovery Material In Court Filings (L.R. 141.1(b)(1))**

To the extent that any Party intends to file any motion, petition, brief, memorandum, pretrial statement or other filing containing Confidential Information, such papers shall be accompanied by a motion to file them under seal that meets the requirements of the Local Rules of Court (FRCP 26; L.R. 141.1(b)(1)).

11. **Use Of Discovery Materials In Court Trial (L.R. 141.1(b)(2))**

Anything containing Confidential Information which has been designated by the other Party as a proposed trial exhibit, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the Party that made the confidentiality designation obtains an appropriate protective order from the Court. If no such order is obtained and anything containing Confidential Information is in fact offered into evidence, such Confidential Information shall cease to be protected by this Agreement. (See FRCP 26; L.R. 141.1(b)(2))

12. **Dismissal Of Party- Obligation Continues; Return Or Destroy Materials**

In the event any Party is dismissed as a party to this action, it shall continue to be bound by and have rights under this Agreement. Any such Party shall, within 45 days of dismissal, promptly return all Confidential Information, and all copies, reproductions, extract, and summaries of such information to the Producing Party or, at the Producing Party's election, shall destroy all such Confidential Information.

13. **Return Or Destruction Upon Termination Of Action**

Upon termination of this lawsuit (whether by judgment, verdict, settlement or

Stipulated Protective Order

otherwise), each Party at the request of the Producing Party who designated the Discovery Material as Confidential Information shall, within 45 days of termination, promptly return (or if instructed, destroy) all such Discovery Material and all copies, reproductions, extracts, and summaries of all such Discovery Material to the Producing Party.

14. **Irrevocable Harm**

The Parties acknowledge and understand that the provisions set forth in this Agreement are of a special nature and that any actual or threatened breach, violation, or evasion of them may result in damages to the Producing Party in amounts difficult to ascertain. In the event of any actual or threatened breach, violation, or evasion of the covenants and agreements set forth in this Agreement by the Parties, the Producing Party shall also be entitled to recover reasonable attorneys' fees, costs, and expenses associated with the enforcement of any provision hereof.

15. **Court Authority**

Nothing in this Agreement is intended to restrict or limit the authority of the Court to direct the disclosure of any information designated as "Confidential Information" by any Party to this litigation.

16. **Public Records Not Protected**

Nothing in this Agreement shall be deemed to restrict in any way a Producing Party or its attorneys with respect to its own documents or to prevent a Producing Party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

17. **No Waiver**

Nothing in this Agreement shall be construed as a waiver of, or prejudicial to, any claim that any Party would otherwise have regarding the produceability or discoverability of any item about which there is a discovery dispute.

Stipulated Protective Order

18. **Release From Agreement Upon Showing Of Good Cause**

For good cause shown, a Party to this Agreement may be released from its terms by order of the Court after notice and hearing.

19. **Governing Law**

This Agreement shall be governed by the laws, regulations and rules of the United States, the Federal Courts, and the State of California.

20. **Entire Agreement**

This Agreement contains the entire agreement and understanding the Parties hereto and supersedes any prior agreements and understandings among them respecting the subject matter hereof.  There are no agreements or understandings (oral or written) between and among the Parties hereto relating to the subject matter of this Agreement that are not set forth or expressly referred to herein.  Amendments or modifications to this Agreement shall be invalid unless made in writing and signed on behalf of all of the Parties.

21. **Severability**

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect. If any provision of this Agreement shall be held invalid in part, such invalidity shall in no way affect the rest of the provision not held so invalid, and the rest of such provision, together with all other provisions of this Agreement, shall to the full extent consistent with law continue in full force and effect.

**Now therefore**, the parties hereby stipulate to the foregoing terms and conditions (nos. 1-21) to safeguard the confidentiality personal medical and financial records.

\\\

Stipulated Protective Order

By: /s/ Patrick H. Dwyer
Patrick H. Dwyer, counsel for Plaintiffs

Snell & Wilmer LLP

with permission by:

By: /s/ Ben Welch
Ben T. Welch, attorneys for Flagship Financial Group, LLC

with permission by:

By: /s/ Devin Jones
Devin Jones, appearing *pro se*

## PROTECTIVE ORDER

The Court, having reviewed the foregoing Stipulated Confidentiality Agreement and finding good cause therefore, hereby makes this Stipulated Confidential Agreement the Order Of This Court.

Dated: August 19, 2015

The Honorable John A. Mendez
United States District Court Judge

Stipulated Protective Order