UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Diana McMenemy, an individual, and Michael McMenemy, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>Colonial First Lending Group, Inc., a Utah Corporation; Colonial First Business Development, LLC, a Utah Limited Liability Company; Devin Jones, an individual; Flagship Financial Group, LLC, and DOES 1 through 10<br><br>      Defendants. | No.  2:14-cv-001482-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COLONIAL FIRST LENDING GROUP, INC. AND AWARDING DAMAGES TO PLAINTIFF** |
|---|---|

    This is a mortgage fraud case brought by plaintiffs Diana McMenemy and Michael McMenemy ("McMenemy")[1] against defendants Flagship Group, LLC ("Flagship"), Devin Jones ("Jones"), Colonial First Lending Group, Inc. ("Colonial"), and Colonial First

---

[1] Mrs. McMenemy passed away during the course of this litigation, and Mr. McMenemy is pursuing the case on behalf of himself and Mrs. McMenemy as the executor of her estate.

1

Business Development, LLC ("CFBD") related to real property purchased by McMenemy ("Subject Property"). The only defendant remaining in this case is Colonial. McMenemy now requests that the Court enter default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) against Colonial and award McMenemy damages. For the reasons stated below, the Court grants default judgment against Colonial and awards McMenemy $432,005.00 in damages.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

McMenemy initially filed a complaint in state court against Flagship only (Doc. #1-1). Flagship removed the case to federal court, and McMenemy filed the operative first amended complaint ("FAC"), which added Jones, Colonial, and CFBD (Doc. #6). Over the course of the litigation, CFBD was dismissed from the case (Doc. #40), Flagship was granted summary judgment in its favor (Doc. #127), and Jones reached a settlement with McMenemy (Doc. #134). Thus, the only remaining defendant is Colonial, and the only remaining causes of action are the first cause of action for fraud, the third cause of action for breach of fiduciary duty, and the fourth cause of action for breach of contract.

Colonial has not appeared in the case for over a year. Colonial was originally represented by an attorney, who filed an answer to the complaint (Doc. #21). However, the attorney was permitted to withdraw because Colonial was not paying attorneys' fees (Doc. ## 70-71, 87). Colonial's former attorney informed Colonial that, as a corporation, Colonial was required to have legal representation or else it would be subject to a default

1    judgment.  Winter Decl., Exh. 2, at 2 (Doc. #83-2).
2        Several months after Colonial's counsel withdrew, McMenemy
3    requested an entry of default against Colonial (Doc. #101).  The
4    clerk denied this request on the basis that Colonial had
5    previously appeared (Doc. #103).  Since this time, two Court
6    orders that were mailed to Colonial were returned as
7    undeliverable (Doc. ##103, 107).  After each order was returned
8    as undeliverable, the clerk set a date for Colonial to file a
9    "Notice of Change of Address."  Colonial never filed a notice of
10   change of address.  Colonial has not appeared in this litigation
11   since its counsel withdrew in March 2015.  Dwyer Decl. ¶ 2 (Doc.
12   #143-1).
13       Trial was scheduled for August 8, 2016 (Doc. #142).  The
14   Court informed McMenemy that the Court would entertain any
15   motions for default judgment at that time if Colonial failed to
16   appear (Doc. #137).  McMenemy twice attempted to serve Colonial
17   with copies of the Court's orders, but both were returned as
18   undeliverable.  Dwyer Decl. ¶¶ 3-4 (Doc. #143-1).  Colonial
19   failed to appear on August 8, 2016, and the Court held a hearing
20   on McMenemy's motion for default judgment and damages (Doc.
21   #142).
22
23                           II.   OPINION
24       A.   Analysis
25            1.   Default Judgment
26       Eastern District of California Local Rule 183(a) states
27   that "[a] corporation or other entity may appear only by an
28   attorney."  This rule coincides with the California rule that "a

3

corporation cannot represent itself in a court of record . . . in propia persona." Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd., 99 Cal. App. 4th 1094, 1101 (2002). Default judgment is the appropriate remedy when a party fails to comply with local rules requiring representation by counsel. Employee Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007) (upholding default judgment against a corporation that violated a local rule that required corporations to be represented before the court).

Here, Colonial has not retained counsel since its initial counsel withdrew from representation. This failure violates Local Rule 183. Colonial has been adequately warned about the consequences of failing to retain counsel in this case, Winter Decl., Exh. 2, at 2, yet has made no effort to retain counsel or otherwise defend the case. In accordance with Employee Painters' Trust, the Court therefore grants McMenemy's motion for default judgment against Colonial. Upon entry of default judgment, the Court must assume that the factual allegations in the FAC are admitted by Colonial. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

### 2. Damages

Once default judgment has been entered, the Court must determine the appropriate amount of damages. "Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. Unliquidated and punitive damages, however, require 'proving up' at an evidentiary hearing or through other means." Microsoft

4

1 Corp. v. Nop, 549 F. Supp. 2d 1233, 1235–36 (E.D. Cal. 2008).

2 McMenemy seeks $71,577.00[2] for the payment he made at the
3 closing of escrow; $54,210.00 for thirty payments made on his
4 property loan; lost wages of $301,000.00 for 2012 through 2014;
5 $500,000.00 in emotional pain and suffering; and punitive
6 damages.  Mot. at 5-6.  McMenemy introduced evidence and
7 testified in support of these requests at the damages hearing.

                    a.   Liquidated Damages

9 McMenemy paid $71,577.37 as a deposit for the purchase of
10 the Subject Property.  Exhibit ("Exh.") #1.  McMenemy provided
11 the Court with the three checks he paid to Placer Title between
12 June and August 2008.  Exh. #2.  The three checks total
13 $71,577.37.  This amount is a liquidated damage derived from
14 definite terms, and McMenemy is entitled to recover his requested
15 $71,577.00 in damages for his deposit payments for the purchase
16 of the Subject Property.

17 The $54,210.00 requested for thirty monthly payments made on
18 the property loan is also a liquidated damage that McMenemy is
19 entitled to recover.  Exhibit 3 contains an annual escrow account
20 disclosure statement for McMenemy's loan for the purchase of the
21 Subject Property.  Page P 691 of Exhibit 3 states that the total
22 monthly loan payment was $1,810.35.  This same figure is stated
23 on P 694 of Exhibit 3, which is an escrow analysis of McMenemy's
24 mortgage.  McMenemy testified during the hearing that this amount
25 was off by three dollars and that his actual monthly loan payment
26 was $1,807. Exhibit 4 is a Mortgagor's Information

---

[2] McMenemy incorrectly wrote "$72,577" in his motion but clarified during the hearing that he actually seeks $71,577.00.

Statement/Payment Breakdown signed by McMenemy, which states that his monthly payment would be $1,807.89. McMenemy testified that he made monthly payments on this loan from September 1, 2008, to February 2011. Thirty payments of $1,807.00 total to $54,210.00. McMenemy is entitled to recover $54,210.00 in liquidated damages to recover the payments he made on his loan.

### b. Lost Income Damages

McMenemy also seeks lost wages of $301,000.00. McMenemy testified that Defendants' fraudulent activity forced him into foreclosure, which forced him to move from the Subject Property, which forced him to leave a higher paying job at Linear Technology ("Linear") for a lower paying job at Schweitzer Engineering Laboratories ("Schweitzer"). In 2011, McMenemy worked as an electrical engineer Linear, where he made $201,670.00 in base pay, bonus, and stock options. Exh. ## 5, 7. In the middle of 2012, after the foreclosure on the Subject Property, McMenemy left Linear and started working for Schweitzer. McMenemy's income for 2012, which was partly derived from his employment at Linear and partly from his employment at Schweitzer, was $132,053.00. Exh. ## 5, 8. In 2013, McMenemy made $100,562.00, and in 2014, McMenemy made $106,642.00. Exh. ## 5, 9-10. McMenemy submitted reasonable projections for his salary, bonus, and stock options between 2012 and 2014 had he remained at Linear. Exh. 5. The difference between McMenemy's projected total income from 2012 to 2014 had he remained at Linear and the actual income he received during this time period from Schweitzer totals $301,218.57. Exh. 5. The Court awards McMenemy $301,218.00 in lost wages.

### c. Emotional Distress Damages

McMenemy also seeks $500,000.00 in emotional pain and suffering damages. McMenemy testified that the loss of the Subject Property was crushing and that he felt foolish for having been subjected to what he called "a con." McMenemy testified that he suffered depression and anxiety, though he admitted that he was never treated for these conditions and that they were not debilitating. McMenemy did not provide the Court with any case law regarding why emotional distress damages may or should be awarded. McMenemy simply argued that he is seeking "garden variety" emotional distress damages.

McMenemy is permitted to recover emotional distress damages under his first and third causes of action for, respectively, fraud and breach of fiduciary duty. Crisci v. Sec. Ins. Co. of New Haven, Conn., 66 Cal. 2d 425, 433–34 (1967)("[A] plaintiff who as a result of a defendant's tortious conduct loses his property and suffers mental distress may recover not only for the pecuniary loss but also for his mental distress."); Pepitone v. Russo, 64 Cal. App. 3d 685, 688 (1976) ("[T]he fraudulent breach of fiduciary duty is a tort, and the faithless fiduciary is obligated to make good the full amount of the loss of which his breach of faith is a cause."). The amount of such damages "can be established by testimony or inferred from the circumstances." Sanders v. Fid. Mortg. Co., 2009 WL 1246686, at *5 (N.D. Cal. May 5, 2009).

McMenemy testified that he suffered emotional distress, but did not provide the Court with any guidance as to how the

7

emotional distress he suffered can or should be valued at $500,000.00. An instructive and relevant authority on this issue is Hernandez v. Madrigal, 2011 WL 6936364 (E.D. Cal. Dec. 30, 2011). In Hernandez, the Court granted default judgment against the mortgage company defendant that allegedly stripped the relevant property of its equity through deceit and fraud. Id. at *1. The Hernandez court approved an award of $75,000.00 in emotional distress damages, reasoning that "[c]ases awarding damages for emotional distress of this type have awarded a wide range, from $5,000 to $125,000." Id. at *4 (citing Olsen v. Cty. of Nassau, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009), for the proposition that "garden variety emotional distress claims, which are confined to plaintiff's testimony and not medically corroborated, are limited to between $30,000 and $125,000."). Given that McMenemy never sought treatment for his distress; that the distress was not debilitating; and that McMenemy has failed to cite any authority for the appropriate amount of emotional distress damages, the Court will only award $5,000.00 in emotional distress damages to McMenemy.

            d.    Punitive Damages

Finally, McMenemy seeks punitive damages under California Civil Code Section 3294(a). "[P]unitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003). Here, there is no evidence that Colonial acted with malice or that its actions were so reprehensible that

the Court must impose further sanctions.  The Court denies McMemeny's request for the imposition of punitive damages against Colonial.

### III.   ORDER

For the reasons set forth above, the Court enters default judgment against Colonial and awards McMenemy $432,005.00 in damages.

IT IS SO ORDERED.

Dated: August 16, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE